Hillsborough,
Feb. 4, 1941. } No. 3210.

MANCHESTER SAND, GRAVEL & CEMENT CO., INC.

*v.*

ACME ROAD MACHINERY CO.

JOSEPH P. BLACKMAN

*v.*

MANCHESTER SAND, GRAVEL & CEMENT CO., INC.

DAVID B. COOK *v.* SAME.

*Sullivan & Dolan* and *Devine & Tobin,* for the plaintiff.

*McLane, Davis & Carleton (Mr. Carleton* orally), for the defendants.

*Per Curiam.* Upon the evidence in the record the court below was justified in finding that the plaintiff did not sustain the burden of proving its contention of fraud, namely that before the contract for the sale of the plant was signed, Blackman, the Acme salesman,

represented that the equipment would produce forty tons of pea stone a day.

The plaintiff's only other ground for recovery is the claim that there was a breach of the warranty that the rebuilt plant was in first class condition. As to this the court found: "Whether it was in first class condition or not is still, after hearing all the evidence on that point, a debatable question. That there was some trouble with the equipment can be found, but the main question, what caused the trouble, is still unsolved as far as the court is concerned. The plant was operated at first by inexperienced persons and more than one reason can be ascribed for the inefficiency, if any, of the plant, and this the court is unable to determine." Adding that all witnesses on this point were interested, the court concluded: "The burden of proof is not sustained, and the plaintiff's claim falls." In its general scope, the finding is unassailable, and is not assailed.

The plaintiff contends, however, that there is no evidence to support the subsidiary finding that the plant was operated at first by inexperienced persons. The assertion is made that the operation was by the Acme's service man, Montgomery, and an employe of the plaintiff's named Michaud, both experienced men. There is evidence that Montgomery was a week setting up the plant, that he left before it went into operation, that it was in fact put into operation while Montgomery was absent and broke down repeatedly, that Montgomery came back later to install some other machinery, that he then made some repairs on the first installation. But it is not a compelled finding that Montgomery was responsible for the operation even during his second stay. He left for good by April 15, or before. Michaud was not employed by the plaintiff until after Montgomery left for good, and he was the first employe who appears to have had any experience operating such a plant. The finding of particular fact, being based upon evidence, is unexceptionable.

There is therefore no occasion to consider the question whether the plaintiff's claim of breach of warranty was seasonably made, or the question whether the plaintiff raised the question of the sufficiency of the evidence seasonably. Since the plaintiff has not briefed exceptions to evidence, they are understood to have been waived.

*Judgments for the defendant Acme Company*
*and the plaintiffs Blackman and Cook.*